Cabell J.

The question presented by this case, is, whether property of a tenant, found on the demised premises, but which has been conveyed by him in trust for the payment of his debts, is liable to be distrained and sold for the payment of rent in arrear ? The question depends on the construction of the 15th section of the statute concerning rents &c. which provides, “ that no goods or chattels found or being in or upon any demised premises, such goods and chattels bona fide belonging to any person other than the'tenant &c. shall be liable to be distrained for the payment of such arrears of rent.” In construing statutes made in derogation of the common law, we are first to consider the mischief or inconvenience which the legislature Intended to remedy. The mischief or inconvenience of the common law, in relation to the rights of landlords, was, that they were allowed to distrain all goods and chattels found on the demised premises (with some few exceptions) even although the tenants might have no manner of properly therein. The object of the legislature was to remedy this inconvenience; and for this purpose, the foregoing section was introduced into our *244 code. What did the legislature mean by the terms, “ goods and chattels bona fide belonging to any person other- than the tenant ?” Did it mean goods and chattels situated like those which are the subject of this controversy ? I think not. A mortgagee is not the bona fide owner of the mortgaged property; nor is a cestui que trust, nor even his trustee, the bona fide owner of the property conveyed in trust for the payment of debts. Although mortgagees and trustees are the holders of the legal title, their bona fide ownership is only a lien on the property for the payment of their debts. The mortgagor, or grantor in the deed of trust, is still regarded, for all substantial purposes, as the bona fide owner of the property, subject however to the lien. I think the object of the legislature, was to change the law, so far only as to protect the interests of those persons, other than the tenant, who have a bona fide ownership in goods and chattels, in possession, remainder or reversion, and not the interests of mortgagees, or of trustees for the payment of the debts of the tenant. And this seems to be proved by the proviso which declares that “ if the tenant &c. shall have any limited property or interest in such goods and chattels, the same may be distrained and sold for such interest as such tenant &c. pi ay have therein.” I am of opinion, that the judgment should be affirmed.
Brooke, J.
To understand the provision of the statute in question, it is necessary to advert to the principles of the common law on the subject, and to the mischief which the statute was made to remedy. The reason of the common law, in subjecting all goods and chattels found on demised premises, to the distress of the landlord for rent in arrear, was to prevent frauds that might be practised by the tenant, who, being in possession, might devise and practise many false pretences to cover the property from the distress for rent, *245 which it would be very difficult, if not impossible, for the landlord to detect. The exceptions to this rule of the common law, were very few; confined to cases in which the tenant’s possession of the property was, clearly and evidently, a possession of the property a stranger, held by the tenant only for the purpose of his trade or business, which could hold out no false co-lours to defeat the landlord’s remedy by distress; as a horse at an inn, or at a shop to be shod, cloth at a tailor’s to be made into clothes &c. But this rule of the common law, qualified by such exceptions only, was found to operate very harshly, in many cases, in which for bonafide purposes, or by casualty, the property of a stranger was found on demised premises; and it was to remedy mischiefs of that kind, that the provision of the statute now under consideration, was enacted. It exempts from distress for rent, “goods and chattels bona fide belonging to any person other than the tenant,” though found on the demised premises; meaning, plainly, I think, to confine the exemption to goods and chattels exclusively the property of a stranger; not to exempt property in which another person, as well as the tenant, has some interest, as in the case of mortgages or deeds of trust, or any other qualified right, such as would conduce to deprive the landlord of his remedy by distress, or to postpone it for an investigation of the rights of others. This is made more manifest by the provision of the statute of 1822-3, ch. 29. Supp. to Rev. Code, ch. 193. $ 2. p. 254. which authorizes the landlord to distrain for rent, any property which the tenant may have fraudulently conveyed away, or permitted to be removed, from the premises, within thirty days after the removal of it, provided such property shall not have been sold for a bona fide consideration before it shall have been distrained; precluding any other disposition of the property by the tenant, and this too, after it has been removed from the premises, and so less known to *246 be subject to the landlord’s distress, than when it remained on the premises; and making no exception of property, in which another besides the tenant, may have a qualified right. The first proviso of the 15th section Q£ ^ generaj statute of rents, does not refute the construction I put on the previous words of the section, but, in truth, confirms it. It provides, that if the tenant have any limited property in the goods claimed by the stranger, such limited -property of the tenant may be dis-trained and sold for rent; meaning to subject to distress, any distinct and exclusive interest which the tenant may have in such limited property, not a qualified right of the tenant mixed up and involved with the rights of others, as in the case before us. It is unnecessary to notice any other point made in the argument at the bar. I am of opinion, that the judgment be affirmed.
Carr, J. concurred. Judgment affirmed.